UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| REYNOLDS INNOVATIONS INC. | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 1:13-cv-503 |
| VAPOR 4 LIFE, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## JOINT RULE 26(f) REPORT

Plaintiff Reynolds Innovations, Inc. ("Plaintiff") and Defendants Vapor 4 Life, Inc. ("Vapor 4 Life") and Steve and Melanie Milin (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Joint Rule 26(f) Report, stating as follows:

1. **Conference of the Parties.** Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), a teleconference was held on August 23, 2013, with additional follow-up communications thereafter between counsel for Plaintiff and counsel for the Defendants.

2. **Discovery Plan and Proposed Schedule.** The Parties agree that this case should be placed on the Standard Track pursuant to Local Rule 26.1(a)(1) with each Party to be limited to six depositions, including expert witness depositions and corporate representative depositions, as well as fifteen interrogatories and fifteen requests for admissions. The Parties will work together to schedule depositions, with it being

1

anticipated that the deposition of Plaintiff and any relevant employees of Plaintiff will be taken within the District and that the depositions of Defendants will be taken on back-to-back days in Chicago, Illinois. The Parties jointly propose the following schedule to govern discovery:

| | |
|---|---|
| Initial Disclosures Due: | 14 days after entry of Scheduling Order |
| Deadline for Amending Pleadings and Joining Parties: | 30 days after entry of Scheduling Order |
| Deadline for Plaintiff's Expert Disclosures: | December 15, 2013 |
| Deadline for Defendants' Expert Disclosures: | January 31, 2013 |
| Deadline for Plaintiff's Rebuttal Disclosures: | February 14, 2014 |
| Close of Discovery: | February 28, 2014 |
| Deadline for Filing of Dispositive Motions: | March 14, 2014 |

The Parties anticipate that three days will be required for the trial of this case. Defendants have demanded a jury trial on all issues so triable.

Plaintiff intends to conduct discovery on the following topics: the nature and extent of Defendants' alleged use of the Plaintiff's trademarks and colorable imitations thereof; the likelihood of confusion arising from such use; the period of time during which Defendants' allegedly used Plaintiff's trademarks and colorable imitations thereof; Defendants' intent with respect to use of such marks; Defendants' electronic cigarette products and related accessories; Defendant's target customers for its electronic cigarette

products and related accessories; the trade channels for Defendants' products; the business relationship among Defendants; Defendants' COOL CARTS registration; Defendants' sales, revenues, and profits from use of Plaintiff's trademarks or colorable imitations thereof; and Defendants' alleged affirmative defenses.

Defendants intend to conduct discovery on the following topics: the facts alleged in Plaintiff's complaint and the validity of Plaintiff's alleged marks; the harm allegedly suffered by Plaintiff as a result of the conduct alleged; any notice allegedly provided by Plaintiff to Defendants regarding the alleged infringement; other uses of Plaintiff's alleged marks by third parties and Plaintiff's response thereto; the date when Plaintiff first became aware of the alleged infringement; other marks using the term "COOL" and alternative spellings thereof; the nature of the alleged "competition" between Plaintiff and Defendants; and the nature of the products with which Plaintiff's alleged marks have been associated and the use(s) of those products.

The Parties reserve their respective rights to conduct discovery beyond the areas and issues described above, as well as to object to such discovery. The Parties also agree to place any disagreements regarding discovery matters before the Court for its determination to the extent such may be required.

3. **Confidentiality Agreement / Protective Order.** The Parties agree that a confidentiality agreement and/or protective order is appropriate given the likelihood of requests for disclosure of proprietary and trade secret information in this case. The Parties are currently working on a draft confidentiality agreement and plan to submit either an agreed-upon protective order or any issue regarding such a confidentiality

agreement or protective order which the Parties are unable to resolve among themselves to the Court.

4. **Electronically Stored Information.** The Parties do not anticipate any issues relating to the production of Electronically Stored Information ("ESI") at this time. The Parties do not anticipate that metadata will be relevant to any of the issues in this case and are in agreement that ESI such as electronic mail may be electronically produced in PDF format. The Parties will first attempt to resolve among themselves any issues that may arise relating to ESI before bringing such issues to the Court's attention for resolution.

5. **Privilege Issues.** The Parties do not anticipate any issues regarding claims of privilege. The Parties agree that, in addition to any protections afforded by the Federal Rules of Civil Procedure, inadvertently furnishing copies or electronically stored information containing privileged material to the receiving Party also shall not constitute a waiver of privilege with respect to any document, electronically stored information, or physical object so furnished, if within ten (10) business days after learning of an inadvertent production, the supplying Party designates any such documents, electronically stored information, or physical object as within one or more of the privileges and requests destruction and/or return of any such documents, electronically stored information, or physical object to the supplying Party. The Parties further agree that, upon request by the supplying Party for return of any such documents, electronically stored information, or physical object designated as within one or more of the privileges, the receiving Party shall immediately destroy or return to the supplying Party all originals

4

and all copies of such document(s), electronically stored information, or physical object. The Parties further agree that nothing herein shall prevent the receiving Party from challenging the propriety of the privilege designation. The Parties agree that a receiving Party that identifies a document it reasonably believes may be subject to a privilege or other immunity shall be obligated to cease any further review of such document and to inform the supplying Party of the possible inadvertent production within three (3) days of such identification. The provisions above shall then apply.

6. **Communication with Experts.** The Parties agree that oral and written communications between any expert witness for any Parties or Parties, and the Parties or Parties, or their attorneys or representatives employing such expert, which are made in connection with the expert witness' engagement for this case shall not be discoverable, except to the extent that the expert relies upon them for his/her opinions. The Parties further agree that anything shown or told to an expert on which he/she relies, as well as the evidence, basis, or grounds in support of or countering the opinion, must be referenced in that expert's report, and is subject to discovery by the opposing Parties. The Parties agree that: (A) there is no obligation to retain or produce drafts of expert reports; and (B) inquiry is not permitted into who, if anyone, other than the expert participated in the drafting of his/her report.

7. **Privilege Log.** The Parties agree that communications and work product produced or communicated after the commencement of the litigation involving trial counsel and pertaining to the present litigation need not be identified in a privilege log.

8.  **Alternative Dispute Resolution.**  The Parties agree that it would be appropriate to engage in a mediation following the close of fact discovery.  The Parties agree that they may engage in mediation at an earlier time if they believe such is reasonably likely to be fruitful.

9.  **Trial by Magistrate Judge**.  The Parties have conferred and do not agree to trial by a magistrate judge pursuant to 28 U.S.C. § 636.

This the 12th day of September, 2013.

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON LLP | COFFEY BOMAR, LLP |
| By: */s/ William Bryner* <br> William M. Bryner <br>    N.C. State Bar No. 23022 <br> Laura C. Miller <br>    N.C. State Bar No. 34103 <br> 1001 West Fourth Street <br> Winston-Salem, North Carolina 27101 <br> Telephone: (336) 607-7300 <br> Facsimile: (336) 607-7500 <br> wbryner@kilpatricktownsend.com <br> lamiller@kilpatricktownsend.com <br><br> *Counsel for Plaintiff Reynolds Innovations Inc.* | By: */s/ Jason Burton* <br> Tamura D. Coffey <br>    N.C. State Bar No. 19880 <br> Jason P. Burton <br>    N.C. State Bar No. 35699 <br> 152 East Kinderton Way, Suite 100 <br> Bermuda Run, NC 27006 <br> Telephone:  336-940-3009 <br> Facsimile:  336-940-3119 <br> TCoffey@CoffeyBomar.com <br> JBurton@CoffeyBomar.com <br><br> Jeffrey R. Rosenberg <br> Admitted *pro hac vice* <br> O'HALLORAN KOSOFF GEITNER & COOK, LLC <br> Edens Corporate Center <br> 650 Dundee Road, Fourth Floor <br> Northbrook, Illinois  60062 <br> Telephone: (847) 291-0204 <br> Facsimile: (847) 291-9230 <br> jrosenberg@akgc.com |

Eric N. Heyer
Admitted *pro hac vice*
SCHWARTZ & ASSOCIATES PLLC
1010 Wisconsin Avenue, N.W., Suite 540
Washington, DC 20007-3603
Telephone: 202-342-0415
Facsimile: 202-330-5272
eric.heyer@schwartzassociates-law.com

*Counsel for Defendants Vapor 4 Life, Inc.,
Steve Milin, and Melanie Milin*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REYNOLDS INNOVATIONS INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-503 |
| VAPOR 4 LIFE, INC., *et al.*, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 12, 2013, I electronically filed the foregoing Joint Rule 26(f) Report with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel for Defendants:

Tamura D. Coffey
Jason P. Burton
COFFEY BOMAR, LLP
152 East Kinderton Way, Suite 100
Bermuda Run, NC 27006
TCoffey@CoffeyBomar.com
JBurton@CoffeyBomar.com

Jeffrey R. Rosenberg
O'HALLORAN KOSOFF GEITNER
& COOK, LLC
Edens Corporate Center
650 Dundee Road, Fourth Floor
Northbrook, Illinois 60062
jrosenberg@akgc.com

Eric N. Heyer
SCHWARTZ & ASSOCIATES PLLC
1010 Wisconsin Avenue, N.W., Suite 540
Washington, DC 20007-3603
eric.heyer@schwartzassociates-law.com

*/s/William M. Bryner*
William M. Bryner
Counsel for Plaintiff

8

Case 1:13-cv-00503-NCT-JEP   Document 16   Filed 09/12/13   Page 8 of 8